UNITED STATES TRUST COMPANY *vs.* COMMONWEALTH.

Suffolk.    February 11, 1966. — March 9, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Commonwealth,* Hiring of property, Contracts, Financial matters.    *Landlord and Tenant,* Covenant to restore premises, Lease to Commonwealth. *Evidence,* Extrinsic affecting writing.    *Words,* "Subject to available appropriation."

After determination by this court that a covenant by the Commonwealth in a lease to it to restore parts of the premises on termination of the lease was authorized by G. L. c. 8, § 10A, and was not void under c. 29, § 26, in the absence of an appropriation supporting it, and that a phrase "subject to available appropriation" in the covenant did not create a condition precedent to liability of the Commonwealth thereunder, the Commonwealth, in defence to a proceeding against it on the covenant, failed to show that in negotiations between the prospective lessor and unidentified representatives of the Commonwealth prior to the lease it was "agreed" that such phrase in the covenant was intended to relieve the Commonwealth of liability thereunder in any event if there should be no appropriation, rather than being intended to mean merely that the covenant was subject to appropriation to the extent required by statute, and failed to show that parole evidence was admissible to prove any such prior agreement.    [395–397]

It was immaterial to liability of the Commonwealth under a covenant by it in a lease to it to restore parts of the premises on termination of the lease, that prior to termination the lessor made no demand for restoration, or that the Commonwealth held over as a tenant at will at a higher rental, or, in circumstances where liability of the Commonwealth was not by statute or the parties' contract dependent on an appropriation for the expense of the restoration, that the lessor had unsuccessfully sought such an appropriation.    [397]

PETITION filed in the Superior Court on September 11, 1963.

Following the decision by this court reported in 348 Mass. 378, the question of the correctness of an order for judgment by *Pillsbury, J.,* was reported by him.

*Burton Peltz,* Assistant Attorney General, for the Commonwealth.

*Lawrence A. Sullivan* for the petitioner.

WHITTEMORE, J. This is a report by a judge of the Superior Court as to the correctness of his order for immediate entry of judgment under G. L. c. 231, § 59, subject to an assessment of damages, on the petitioner's affidavits of no genuine issue of material fact and the Commonwealth's counteraffidavits. The petition under G. L. c. 258 asks damages for the failure of the Commonwealth to restore premises in the petitioner's building on Court Street in Boston on the termination of the lease under which the Commonwealth had been in occupancy.

When the case was here before (348 Mass. 378), we reversed the order of the Superior Court sustaining the Commonwealth's demurrer. The demurrer was founded on the provision of the lease reading: "The lessee agrees that it will, subject to available appropriation, at its expense, prior to the termination of this lease, restore . . . [the premises to the extent stated]," and on the absence of an averment that an appropriation had been made. We noted that the phrase "subject to available appropriation" had been added by caret to a printed form and we held: (1) G. L. c. 8, § 10A, as amended, governs the making of leases and authorizes a covenant to restore premises notwithstanding the provisions of G. L. c. 29, § 26, as amended, reading: "No obligation . . . in excess of the appropriation [by the General Court] or allotment [by the Governor] for such purpose . . . shall impose any liability upon the commonwealth"; and (2) "Other than to state that the words [subject to available appropriation] do not create a condition precedent to obligation, we shall not speculate about them without knowing the circumstances of the negotiation and execution of the lease."

The Commonwealth contends that (1) the affidavits show that in the negotiations the parties agreed there should be

no liability to restore unless the General Court made prior appropriation therefor, and (2) the lease is to be construed in the light of the negotiations.

We need notice in this respect only the affidavit of a former Assistant Attorney General. It sets out that it was his duty to approve all contracts and leases as to form; that he refused to approve the lease unless the words "subject to available appropriation" were inserted, "it being . . . [his] belief that the Commonwealth could not incur any obligation unless as a condition precedent thereto, there was an appropriation for same; that at . . . [his] office . . . [he] explained to representatives of the . . . [petitioner] and the Commonwealth . . . [his] reasons for refusing to approve the lease and for wanting the . . . words included; that it was then agreed that said words should be included and that no obligation would arise under this paragraph of the lease unless there was a separate appropriation . . .; that said words were thereupon included in the lease, whereupon . . . [he] then approved said lease as to matters of form."

This affidavit neither states nor implies negotiations or an agreement of any kind between the petitioner and representatives of the Commonwealth authorized to enter into the lease. The representatives of the Commonwealth who were then present are not identified in this or the other affidavits. The affidavit does not state or imply a purported contractual undertaking, even among those undisclosed persons present, that if the law were otherwise than the Assistant Attorney General then understood and stated, and if the inclusion of the suggested words would, as we have held, be insufficient in law to create "a condition precedent to obligation" the lessee would, nevertheless, be under no obligation to restore in the absence of an appropriation. On the contrary, the facts set out in this affidavit, if admissible as evidence of intended meaning, would tend to suggest that those who "agreed" in the Assistant Attorney General's office intended the meaning to be "subject to available appropriation to the extent that applicable statutes so require."

Beyond this, the Commonwealth has failed to show that even had the parties, by authorized officers, settled orally upon the highly speculative and unreasonable bargain for which the Commonwealth now contends, parol evidence to prove this would be admissible in the light of our ruling that the written words chosen by the parties to embody their agreement do not create a condition precedent to obligation.

The affidavit by the Commissioner of Corporations and Taxation sets out no defence. It is immaterial that (1) the petitioner prior to the termination of the lease made no demand for restoration, (2) the Commonwealth held over as a tenant at will at a slightly higher rental, and (3) the petitioner unsuccessfully tried to have enacted an appropriation to pay the cost of restoration.

*Order for judgment affirmed.*